[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This rigorously contested matter began when the plaintiffs, Christopher Oliveira, Frank Oliveira, John Bysko, Suzanne Clinton, Jennifer Hillhouse, Russ Gomes and Phyllis Shepard-Tambini, brought this action contesting the certification of thirty-five candidates for the Old Lyme republican town committee who were endorsed at the January 9, 2002 republican town committee caucus. The names of these candidates appear on the ballot for the March 5, 2002 republican town committee primary, along with the names of twenty others who validly petitioned to be on the ballot, seven of whom are the plaintiffs. The plaintiffs bring this action pursuant to General Statutes § 9-329a, seeking, inter alia, the removal of the thirty-five candidates from the ballot of the upcoming March 5, 2002 primary. This action is brought against the Old Lyme town clerk, Irene Carnell, and the secretary of state, Susan Bysiewicz. Additionally, at trial, the court, Leuba, J., granted the Old Lyme republican town committee's motion to intervene as a party defendant. An order of notice to interested parties was granted by the court. At trial, the parties stipulated that appropriate notices had been provided.
Count one of the amended complaint is brought against the town clerk and alleges that she failed to act pursuant to General Statutes §§9-414[1] and 9-419[2], when she did not reject the certification of the thirty-five candidates and name the petitioning candidates, seven of which are the named plaintiffs, as duly elected. Count two is brought against the secretary of state and alleges that the secretary of state failed to act pursuant to §§ 9-374[3], 9-135b (e)[4], 9-414 and9-419, in that she (1) failed to find a violation in the filing of the committee's by-laws and amendments; (2) failed to remove the names of the thirty-five endorsed candidates from the March 5, 2002 ballot; and (3) failed to remove the names of the thirty-five endorsed candidates from the absentee ballot for the March 5, 2002 primary. As to both counts, the plaintiffs allege that the endorsements and certifications of thirty-five CT Page 2382 candidates by the caucus for the 1998-2000 and 2002-2004 terms are invalid because the by-laws under which the caucus was operating were not properly filed pursuant to General Statutes § 9-374. They further allege that because the 1994 and 1999 by-laws were improperly filed, the 1956 by-laws, which set the membership at twenty-eight, are the operative by-laws; therefore, the acceptance by the town clerk of an endorsement of thirty-five candidates constitutes over-certification.
 FINDINGS OF FACT
The facts found relevant to the resolution of this matter are as follows. The membership of the republican town committee is set forth in the committee's by-laws. At its inception in 1956, the committee had a membership of twenty-eight. In 1994, the committee voted to amend the by-laws and increased its membership to thirty-five. The amended by-laws, however, were not filed with the secretary of state, as directed by General Statutes § 9-374.[5] In January, 1998, at the republican town caucus, thirty-five candidates for the positions of town committee members for the 1998-2000 term were endorsed and eventually elected. The plaintiff, Christopher Oliveira, was one of the thirty-five endorsed candidates.
The committee again amended the by-laws in April, 1999. Included in the amendments was a provision again setting the membership of the committee at thirty-five. A copy of the complete text of the new by-laws was filed with the secretary of state, the town clerk and the state republican party. On June 1, 1999, the secretary of state's office sent a letter to the chairman of the republican town committee, Kurt Zemba, indicating that "[w]hen party rules have been amended, complete party rulesincorporating such amendments and a separate copy of the amendment or amendments must be filed. Please refile accordingly." (Plaintiffs' Exh. 2.) That letter also states that "[u]nder the law, party rules and amendments shall not take effect until sixty days after the filing with the Secretary of State." (Plaintiffs' Exh. 2.) Nothing in the letter or in General Statutes § 9-374 suggests, however, that effectiveness of by-laws is delayed by the absence of a separate copy of the amendments. No action was ever taken by the committee in response to this letter. The parties have stipulated, however, that a certified copy of the complete 1999 committee by-laws are on file with the secretary of state; (Plaintiffs' Exh. 3.); and the town clerk.
On January 9, 2002, the caucus endorsed thirty-five candidates for the positions of republic town committee member for the 2002-2004 term. On January 11, 2002, the chairman of the caucus, Edward Perkins, filed a certificate of party endorsement with the town clerk, which contained the names of the thirty-five candidates endorsed at caucus. The town clerk CT Page 2383 accepted the endorsement and certification. On January 30, 2002, the plaintiffs filed a set of valid primary petitions to appear on the primary ballot. The primary is scheduled for March 5, 2002.
At trial, the plaintiffs presented the testimony of three witnesses: Kurt Zemba, the former chairman of the republican town committee; the town clerk, and Christopher Oliveira. At the close of the plaintiffs' case, the defendants moved for a motion of dismissal for plaintiffs' failure to make out a prima facie case pursuant to Practice Book §15-8.
Practice Book § 15-8, provides, in part, that "[i]f, on the trial of any issue of fact in a civil action tried to the court, the plaintiff has produced evidence and rested his or her cause, the defendant may move for judgment of dismissal, and the judicial authority may grant such motion, if in its opinion the plaintiff has failed to make out a prima facie case." "A motion for judgment of dismissal has replaced the former motion for nonsuit for failure to make out a prima facie case. . . . When such a motion has been granted, the question is whether sufficient facts were proved to make out a prima facie case. . . . The right of the court to grant such a motion is to be sparingly exercised. . . . In evaluating a motion to dismiss, [t]he evidence offered by the plaintiff is to be taken as true and interpreted in the light most favorable to [the plaintiff], and every reasonable inference is to be drawn in [the plaintiffs] favor. . . ." (Citations omitted; internal quotation marks omitted.) Thomas v. West Haven, 249 Conn. 385, 391-92, 734 A.2d 535
(1999).
General Statutes § 9-329a provides, in pertinent part: "(a) Any (1) elector or candidate aggrieved by a ruling of an election official in connection with any primary held pursuant to (A) section 9-423, 9-424,9-425 or 9-464 . . . may bring his complaint to any judge of the Superior Court for appropriate action."
The defendants argue that the plaintiffs have failed to make out a prima facie case under General Statutes § 9-329a because the plaintiffs are not aggrieved by a ruling of an election official. The defendants further argue that the plaintiffs have failed to exhaust their administrative remedies by not bringing their intra-party dispute regarding the endorsement of the thirty-five candidates to the state republican party as required by § 9-387.[6]
The plaintiffs assert that they have properly brought their action under General Statutes § 9-329a because they are candidates who have been aggrieved by rulings of the town clerk and the secretary of state, both of whom are election officials, in connection with a primary held CT Page 2384 pursuant to § 9-425.[7] The plaintiffs allege that they are aggrieved because: (1) the town clerk did not remove the names of the thirty-five endorsed candidates from the ballot and declare the petitioning candidates duly elected; (2) the secretary of state did not take action to enforce the filing requirements for by-laws pursuant to § 9-374; (3) the secretary of state did not remove the names of the thirty-five endorsed candidates from the ballot, nor did she compel the town clerk to do so; (4) the secretary of state did not remove from the absentee ballot the names of the thirty-five endorsed candidates; and (5) the secretary of state has refused to declare the 1994 and 1999 by-laws invalid.
Although the court agrees with the plaintiffs that they are candidates in connection with a primary to be held pursuant to General Statutes § 9-425, the court finds that the plaintiffs are not "aggrieved by a ruling of an election official," and, therefore, dismisses the plaintiffs' action brought pursuant to § 9-329a for failure to make out a prima facie case.
In Bortner v. Woodbridge, 250 Conn. 241, 268, 736 A.2d 104 (1999), although a case involving General Statutes § 9-328, our Supreme Court defined the phrase "rulings of the election official." "[A] ruling of an election official must involve some act or conduct by the official that (1) decides a question presented to the official, or (2) interprets some statute, regulation or other authoritative legal requirement, applicable to the election process." Id., 268. In the present case, the plaintiffs have failed to establish that they are aggrieved by a ruling of an election official because the town clerk and the secretary of the state did not decide a question presented by the plaintiffs, nor did they "[interpret] some statute, regulation or other authoritative legal requirement, applicable to the election process." Id. Rather, the town clerk and the secretary of state informed the plaintiffs that they do not have the authority to remove the endorsed candidates from the ballot and to declare the petitioning candidates duly elected. Additionally, regarding the plaintiffs' request that the secretary of state invalidate the 1994 and 1999 by-laws, "[t]he authority of [the office of the secretary of state] with respect to party rules is limited to the filing of such rules and does not extend to examining or approving them." (Plaintiffs' Exh. 2.) The denial of the plaintiffs' requests are not rulings by election officials, as this phrase is defined in the Bortner
case; therefore, the plaintiffs have failed to establish aggrievement required under § 9-329a.
Additionally, as a separate and distinct ground for the dismissal, the court finds that the plaintiffs have not exhausted their administrative remedies. Section 9-387 provides that "[t]he state rules of each party CT Page 2385 shall prescribe the manner in which any dispute as to the endorsement by such party of a candidate for . . . town committee . . . shall be resolved." The plaintiffs are claiming that the town clerk and the secretary of state violated General Statutes §§ 9-414 and 9-419, statutes which pertain to the nomination and endorsement of town committee candidates, because they will not remove the names of the thirty-five endorsed candidates from the primary ballot. Section 9-387
prescribes the remedy available for intra-party disputes involving the endorsement of candidates; therefore, the plaintiffs cannot bring their claim directly to superior court.
"Political parties are voluntary associations for political purposes. They establish their own rules. The rule appears to be that in factional controversies within a political party, where there is no controlling statute or clear legal right involved, the court will not assume jurisdiction but will leave the matter for determination by the proper tribunals of the party itself, or by the electors at the polls. . . . The reluctance of courts to decide between rival factions of political organizations is proverbial." (Citation omitted.) Carney v. Pilch,30 Conn. Sup. 34, 35, 266 A.2d 687 (1972).
Lastly, the court finds that the provision of General Statutes §9-374, which states that "[w]hen any amendment is to be filed as required by this section, complete party rules incorporating such amendment is to be filed, together with a separate copy of such amendment," is directory, rather than mandatory. The plaintiffs' claim that the 1999 bylaws are invalid because a separate copy of the amendment was not filed with the by-laws must, therefore, fail.
"Well established principles of statutory construction govern our determination of whether [a statute's provisions are] mandatory or directory. . . . While we generally will not look for interpretative guidance beyond the language of the statute when the words of that statute are plain and unambiguous . . . our past decisions have indicated that the use of the word `shall,' though significant, does not invariably create a mandatory duty. . . . In order to determine whether a statute's provisions are mandatory we have traditionally looked beyond the use of the word `shall' and examined the statute's essential purpose. . . . The test to be applied in determining whether a statute is mandatory or directory is whether the prescribed mode of action is the essence of the thing to be accomplished, or in other words, whether it relates to a matter of substance or a matter of convenience. . . . If it is a matter of substance, the statutory provision is mandatory. If, however, the legislative provision is designed to secure order, system and dispatch in the proceedings, it is generally held to be directory, especially where the requirement is stated in affirmative terms unaccompanied by negative CT Page 2386 words. . . . Furthermore, if there is no language that expressly invalidates any action taken after noncompliance with the statutory provisions, the statute should be construed as directory." (Citations omitted; internal quotation marks omitted.) Crest Pontiac Cadillac, Inc.v. Hadley, 239 Conn. 437, 445, 685 A.2d 670 (1996).
An examination of General Statutes § 9-374, reveals that the provision directing a filing of a separate copy of the amendment along with the by-laws is directory because it is not a matter of substance, but rater a matter of convenience. Additionally, there is no language following this provision which "expressly invalidates any action taken after noncompliance with the statutory [provision] . . ." Crest PontiacCadillac, Inc. v. Hadley, supra, 239 Conn. 445. Alternatively, even if the court were to find that this provision is mandatory, there is sufficient evidence to support a finding that there was substantial compliance with the statutory requirements of § 9-374. "Where the legislature has adopted mandatory election requirements, at least substantial compliance with the statute is required." Parker v. Brooks, Superior Court, judicial district of New Haven, Docket No. 338661 (October 20, 1992, Vertefeuille, J.), citing, Dombkowski v. Messier,164 Conn. 204, 202, 319 A.2d 373 (1972).
The motion to dismiss is granted and the issues are found for the defendants.
Judgment is entered accordingly.
Leuba, J.